TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (480) 247-9644
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Jonathan Soots

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Jonathan Soots,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Hyundai Motor America d/b/a Hyundai Motor Finance; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.: 8:14-cv-1621<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227** *ET. SEQ*;<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, Plaintiff, Jonathan Soots, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Jonathan Soots (hereafter "Plaintiff"), is an adult individual residing at Tampa, Florida, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Defendant, Hyundai Motor America d/b/a Hyundai Motor Finance ("Hyundai"), is a California business entity with an address of 10550 Talbert Avenue, Fountain Valley, California 92728, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by Hyundai and whose identities are currently unknown to Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Hyundai at all times acted by and through one or more of the Agents.

## **FACTS**

8. Within the last year, Hyundai contacted Plaintiff in an attempt to collect a financial obligation allegedly owed by Plaintiff (the "Debt").

9. At all times relevant herein, Hyundai called Plaintiff on his cellular telephone [813-XXX-1068] from telephone number 800-523-7020, using an automated telephone dialing system ("ATDS" or "Predictive Dialer").

10. In or around June of 2014, Plaintiff spoke with Hyundai and requested that Hyundai cease calling his cellular telephone.

11. In response, Hyundai informed Plaintiff that the calls to his cellular telephone would not cease because Plaintiff's phone number was on an auto dialer call list for outbound calls.

12. Hyundai also informed Plaintiff that it was unable to put him on a do not call list.

13. Despite Plaintiff's unequivocal request, Hyundai continued calling Plaintiff at an excessive and harassing rate.

# COUNT I
# VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein, Defendant called Plaintiff on his cellular telephone using an automated telephone dialing system ("ATDS" or "Predictive Dialer").

16. In or around June of 2014, Defendant admitted to Plaintiff that it placed the calls at issue using an automated telephone dialer system.

17. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022.  The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*.  In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

18. Upon information and belief, Defendant's Predictive Dialer has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. Despite Plaintiff directing Defendant to cease all calls to his cellular telephone, Defendant continued to place automated telephone calls to Plaintiff's cellular telephone, knowing that it lacked consent to call his number. As such, each call placed to Plaintiff following his request was made in knowing and/or willful violation of the TCPA and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call pursuant to 47 U.S.C. § 227(b)(3)(B).

23. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

B. Punitive damages; and

C. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED: October 7, 2014        TRINETTE G. KENT

By: */s/ Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Jonathan Soots